# Exhibit A



# Notice of Service of Process

**LYN / ALL**
**Transmittal Number: 26977400**
**Date Processed: 05/23/2023**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro; Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | LM General Insurance Company<br>Entity ID Number  2538012 |
| **Entity Served:** | Lm General Insurance Company |
| **Title of Action:** | Timothy Grant vs. LM General Insurance Company |
| **Matter Name/ID:** | Timothy Grant vs. LM General Insurance Company (14104916) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Allegheny County Court of Common Pleas, PA |
| **Case/Reference No:** | GD-23-006382 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 05/23/2023 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shenkan Injury Lawyers, LLC.<br>Not Shown |

**Notes:** The document matches the original as it was received.  All pages served are included in the image.  No Summons was served with Complaint.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s) | |
|---|---|
| TIMOTHY GRANT, individually and on behalf of all others similarly situated, | **Case Number :** <br><br> [  ] - [  ] - [  ] |
| | **Type of pleading :** <br><br> Complaint |
| | **Code and Classification :** |
| | **Filed on behalf of** <br><br> Plaintiff <br><br><br> (Name of the filing party) |
| Vs <br> Defendant(s) <br> LM GENERAL INSURANCE COMPANY, | |
| | [✓] Counsel of Record <br> [ ] Individual, If Pro Se |
| | **Name, Address and Telephone Number :** <br><br> Richard Shenkan <br> Shenkan Injury Lawyers, LLC. <br> 6550 Lakeshore St. <br> West Bloomfield, MI 48323 |
| | **Attorney's State ID :**  79800 |
| | **Attorney's Firm ID :** |

[cover]

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY GRANT, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | CLASS ACTION |
| vs. | : | |
| | : | No. |
| LM GENERAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

### CLASS ACTION COMPLAINT

Representative Plaintiff Timothy Grant, individually and on behalf of all others similarly situated ("Plaintiff"), hereby files this Class Action Complaint against LM General Insurance Company ("Defendant" or "LM"), and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this class action on behalf of himself and similarly situated people who have had their underinsured motorist coverage ("UIM") claims denied because of the so-called "regular use exclusion."

2.     The "regular use exclusion" has been used by insurance companies such as Defendant to deny UIM coverage when an insured suffers injuries arising from the use of a motor vehicle that he/she regularly uses, does not own, and the motor vehicle is not insured for uninsured or UIM coverage under the policy.

3.     The Pennsylvania Superior Court has ruled that the regular use exclusion conflicts with the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), thus it is unenforceable.

4.    Despite this, Defendant has in the past and continues to deny UIM claims in Pennsylvania based on the regular use exclusion, and refuses to reverse prior denials based on its regular use exclusion.

## PARTIES

5.    Timothy Grant is an adult individual who resides at 1024 Duss Avenue, Ambridge, PA 15003.

6.    LM General Insurance Company is an insurance company with its headquarters at 175 Berkeley St., Garlock 10B, Boston, MA 02117.

7.    At all relevant times, LM was engaged in the practices of providing and/or underwriting motor vehicle liability policies in Pennsylvania, including UIM coverage.

## FACTS

8.    Plaintiff was injured in an auto accident on August 10, 2021.

9.    The accident was caused by an underinsured driver.

10.    The limits of the underinsured driver's policy of insurance were insufficient to compensate Plaintiff for injuries he sustained as a result of the accident.

11.    At the time of the accident, Plaintiff was driving a dump truck owned by his employer in the scope of his employment, which he used on a regular basis.

12.    Plaintiff had a motor vehicle insurance policy with LM, Policy Number AOS28819826470, which was in effect at the time of the aforesaid accident (the "LM Policy"). The LM Policy includes UIM benefits.

13.    The LM Policy states in part:

> UNDERINSURED MOTORISTS COVERAGE - PENNSYLVANIA (NON-STACKED)
> …
> INSURING AGREEMENT

2

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
    1. Sustained by an "insured"; and
    2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".
…
B. "Insured" as used in this endorsement means:
    1. You or any "family member".

14.    Plaintiff made a claim for UIM benefits under the aforesaid LM Policy.

15.    LM denied coverage for Plaintiff's UIM claim on the basis of Exclusion A.2. of the LM insurance policy, which states:

> A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
>
> …
>
> 2. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.
>
> (hereafter "LM's Regular Use Exclusion")

16.    Absent LM's Regular Use Exclusion, Plaintiff would have been entitled to UIM benefits from LM pursuant to the LM Policy and 75 Pa.C.S. §1731(c).

17.    Prior to the time of LM's denial, the Pennsylvania Superior Court found that the general use exclusion conflicts with Section 1731(c) of the MVFRL It is, therefore, unenforceable. *Rush v. Erie Ins. Exchange*, 265 A.3d 794 (Pa. Super. Ct. 2021).[1]

---

[1] *Rush* is currently on appeal to the Supreme Court of Pennsylvania. *Rush* is valid precedential Pennsylvania common law. *In re Townsend's Estate*, 36 A.2d 438, 441 (Pa. 1944); *Jones v. Erie Insurance Exchange*, 282 A.3d 1139 (Pa. Super. Ct. 2022); *Johnson v. Progressive Advanced Insurance Company*, 587 F.Supp.3d 277 (2022).

18.     Defendant was aware of the *Rush* case at the time it wrongly denied Plaintiff's claim.

19.     Thereafter, on two (2) separate occasions, Plaintiff's attorneys requested a reconsideration of LM's decision to deny UIM coverage, on the basis that *Rush* is valid common law and, therefore, LM's regular use exclusion is unenforceable in Pennsylvania.

20.     Defendant, through its attorneys, denied both requests.

21.     Despite knowing of the existence of the *Rush* decision and that it is valid common law, LM has continued to use the general use exclusion to deny UIM benefits to its insureds, and has failed to revoke its previous denials of UIM benefit claims based on the regular use exclusion.

## CLASS ALLEGATIONS

22.   Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1), (2), and (3).

23.   Plaintiff proposes a Class defined as: All people who were insured under a LM General Insurance Company motor vehicle insurance policy in Pennsylvania and made a claim, during the Applicable Statute of Limitations, to LM General Insurance Company for bodily injury UIM benefits but their claims were denied by LM because of a UIM policy exclusion the same or substantively similar to the following:

> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

24.   Subject to amendment, the Applicable Statute of Limitations is as follows:

- Breach of Contract Claim - October 22, 2017 through Class Certification; and

- Bad Faith and Breach of Fiduciary Duty Claims - October 22, 2019 through Class Certification.

4

25.   Statute of limitations periods are computed from the time the cause of action accrued, which is when the plaintiff could have first maintained the action to a successful conclusion.[2]  At a minimum, Plaintiff and Class Members could have first maintained their action to a successful conclusion when the Superior Court decided *Rush* on October 22, 2021.

26.   Under Pennsylvania's discovery rule, a statute of limitations is tolled until the complaining party knows or reasonably should know that they have been injured and that his injury has been caused by another party's conduct.[3]  Again, Plaintiff and Class Members could not have known they had injured (i.e., that LM's denial was a violation of Pennsylvania law), until the *Rush* decision.   Therefore, Plaintiff and Class Members' statutes of limitations began to run on October 22, 2021 or, potentially, earlier.

27.   Plaintiff reserves the right to amend this class definition, including adding classes and subclasses, and the class period, after discovery.

28.   The class is so numerous that joinder of all Class Members is impractical.

29.   The size of the class, and any trial, would be readily manageable.

30.   There are questions of law or fact common to the class that predominate. These include, though are not limited to, the following:

> (a) Whether LM rejected the class members' UIM benefits claims based on the regular use exclusion;
>
> (b) Whether this rejection was a breach of contract and/or constituted bad faith and/or was a breach of LM's fiduciary duty;

31.   Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class.

---

[2] *City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 121 (3d Cir. 1993).

[3] *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014).

32. Plaintiff and the Class Members have substantive claims that are similar, if not identical, in all material respects, and will require proof of the same kind and application of the same laws.

33. Plaintiff's claims are typical of those of the class. All are based on the same factual and/or legal theories. Plaintiff and Class Members all suffered damages as a result of LM's denial of their UIM claims.

34. Plaintiff will fairly and adequately represent and protect the interests of the class.

35. Plaintiff is represented by competent and experienced counsel.

36. Plaintiff has no conflict with class members in the maintenance of this action, and his respective claims are identical to or at least typical of claims of the Class Members.

37. Because most Class Members either do not know that their rights have been violated, and/or could not economically justify the effort and expense required to litigate their individual claims or have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation, a class action is the most efficient proceeding.

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable. This class action represents the most fair and efficient method of adjudicating this controversy.

39. There are no unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions.

40. The questions of law and fact common to the class predominate over any questions affecting only individual members.

41. If each of the Class Members were forced to bring individual suits, such suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly

situated parties. A class action will serve the goals of judicial economy and ensure uniformity of decision.

**Count One**
**Breach of Contract**

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Plaintiff's and Class Members' motor vehicle liability policies with LM are contracts.

44. Plaintiffs and Class Members made claims for UIM benefits under their motor vehicle insurance policies with LM.

45. Defendant denied Plaintiff's and the Class Members' claims for UIM benefits based on LM's Regular Use Exclusion, which the Pennsylvania Superior Court has held to be unenforceable.

46. Plaintiffs and Class Members were entitled to have their claims for UIM benefits granted, based on standardized insurance policies with LM.

47. By denying Plaintiff's and Class Members' claims, and refusing to reverse denials of their claims, LM breached its contracts with them, and breached its implied covenant of good faith and fair dealing, resulting in monetary damages.

**Count Two**
**Statutory and Common Law Bad Faith**

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. LM did not have a reasonable basis to deny Plaintiff's and Class Members' UIM claims based on a regular use exclusion because the Superior Court of Pennsylvania has held that such an exclusion is unenforceable in Pennsylvania.

50. LM knew of and recklessly disregarded its lack of a reasonable basis to deny these valid claims for Plaintiff and Class Members.

7

51.  LM and its counsel knew of the *Rush* decision, and Plaintiff's counsel informed LM that *Rush* is the controlling Pennsylvania law.

52.  Despite Plaintiff's efforts to implore LM to provide coverage, LM continued to deny Plaintiff's and Class Member's UIM claims based on LM's regular use exclusion, and failed to reverse its previous denials of UIM claims which it denied based on the unenforceable exclusion.

53.  LM's systemic denial of these valid claims were made in bad faith, in an unreasonable effort to contest such valid claims with the intent to generate more profit.

54.  A reasonable investigation would have determined that, on the basis of a change in the law, LM must provide coverage for these claims.

55.  At all relevant times, LM's actions toward Plaintiff and Class Members constituted bad faith.

**Count Three**
**Breach of Fiduciary Duty**

56.  Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

A.  Compensatory Damages

57.  At all relevant times, LM, as their insurer, owed Plaintiff and the Class Members a fiduciary duty to act in good faith and due care and in their best interest.

58.  Defendant's denial of Plaintiff's and Class Members' insurance claims based on LM's Regular Use Exclusion, when LM knew that the regular use exclusion was unenforceable in Pennsylvania, constitutes breach of LM's fiduciary duty to Plaintiff and Class Members, who have suffered compensatory damages as a result.

B.  Punitive Damages

59.  Defendant's calculated decision not to revoke its mass denials of Plaintiff's and Class Members' insurance claims, which it denied before *Rush,* resulted in a breach of LM's fiduciary

8

duty to Plaintiff and Class Members, maliciously subordinating the interests of its insureds in favor of its own.

60. Defendant's motivation to deny these valid claims is based upon its incentive to increase profits, in known disregard to its fiduciary duty to its insureds.

61. Defendant knew or had reason to know these denials were not made in good faith and created the likelihood of a high risk of harm to its insureds and deliberately acted in conscious disregard of that known risk.

62. Defendant's conduct averred herein constitutes willful and wanton conduct, and/or shows a conscious disregard of the rights of Plaintiff and Class Members, that has a great probability of causing substantial harm, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff requests that this Honorable Court:

A.     Award compensatory damages for the injuries suffered by Plaintiff and
       Class Members for all Counts;
B.     Award punitive damages for Counts 2 and 3;[4]
C.     Award attorneys' fees, costs, punitive damages, interest from the date the
       UIM claim was made equal to the prime interest rate plus 3%, and payment
       of costs and expenses for Count 2; and,
D.     Any other relief that this Honorable Court deems just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.            STRASSBURGER McKENNA GUTNICK
/s/ Richard Shenkan                    & GEFSKY
Richard Shenkan                        David A. Strassburger
                                       Lydia A. Gorba
*Co-Counsel for Plaintiffs*
                                       *Co-Counsel for Plaintiffs*

---

[4] *See Trotman v. Mecchella,* 618 A.2d 982, 985 (Pa. Super. Ct. 1992) and *Anderson v. Nationwide Insurance Enterprise, et al.,* 187 F.Supp. 2d 447 (2002) ("Under Pennsylvania law, the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award.").

## Approval Details

*Please be advised that dockets have been accepted by the*
**Allegheny County Department of Court Records, Civil/Family Division for Case Number:GD-23-006382**
*Dockets filed for Temporary Case Number:TMP1345284*
*have been assigned to Permanent Case number:GD-23-006382*

| | |
|---|---|
| **Submission ID:** | **2574615** |
| **Status:** | **Approved** |
| **Case Number:** | **GD-23-006382** |
| **Case Description:** | **Grant vs LM General Insurance** |
| **Filing Date/Time:** | **5/19/2023 6:17:57 PM** |

### Docket Details are as follows:

| ClientID | Filed By | Sequence nbr | Docket Type Code | Docket Type | Fees |
|---|---|---|---|---|---|
| | 79800 | 1 | COMPL | Complaint | 191.75 |

Payment Type : Credit Card
(There will be an additional 4% service charge on all Credit Card e-filings by the merchant card provider)
Civil/Family Division Amount :191.75
Sheriff's Amount :
Total Amount :191.75
Receipt NO :8683234

**The Department of Court Records will not be assigning court dates to Arbitration matters as per Administrative Order AD-20-000095-PJ which was filed on March 16, 2020. Once the court resumes normal operations and the stay is lifted the Attorney/Litigant will be required to file a "Praecipe to Schedule an Arbitration Date" in order to receive a hearing date.**

***contact civil@alleghenycounty.us within 10 days on any issues ***

*Thank you for using the DCR, Civil/Family Division Electronic Filing and Retrieval System.*

**Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.**

Copyright © 2003-2023. All rights reserved.



**LYN / ALL**
**Transmittal Number: 27092857**
**Date Processed: 06/13/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro; Hm Office Lgl SOP Paralegal<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | LM General Insurance Company<br>Entity ID Number  2538012 |
| **Entity Served:** | LM General Insurance Company |
| **Title of Action:** | Timothy Grant vs. LM General Insurance Company |
| **Matter Name/ID:** | Timothy Grant vs. LM General Insurance Company (14104916) |
| **Document(s) Type:** | Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Allegheny County Court of Common Pleas, PA |
| **Case/Reference No:** | GD-23-006382 |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 06/12/2023 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shenkan Injury Lawyers, LLC<br>248-562-1320 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



6550 Lakeshore St., West Bloomfield, MI 48323
Phone: (248) 562-1320 • Fax: (888) 769-1774
rshenkan@shenkanlaw.com

June 5, 2023

**<u>Via Certified Mail</u>**

Corporation Service Company
84 State St.
Boston, MA 02109

        **RE:  *Timothy Grant, et al., v. LM General Insurance Company***
             **Court of Common Pleas of Allegheny County, Case NO. GD-23-006382**

Dear Sir/Madam:

In connection with the above-referenced matter, enclosed please find the following:

    ➢  Complaint.

Should you have any questions, please call me at (248) 562-1320.  Thank you for your attention and courtesy to this matter.

Sincerely,
SHENKAN INJURY LAWYERS, LLC.
*/s/ Richard Shenkan*
Richard Shenkan
*Attorney for Plaintiffs*

Enclosure

RS/ls

## Approval Details

*Please be advised that dockets have been accepted by the*
**Allegheny County Department of Court Records, Civil/Family Division for Case Number:GD-23-006382**
*Dockets filed for Temporary Case Number:TMP1345284*
*have been assigned to Permanent Case number:GD-23-006382*

| | |
|---|---|
| **Submission ID:** | 2574615 |
| **Status:** | Approved |
| **Case Number:** | GD-23-006382 |
| **Case Description:** | Grant vs LM General Insurance |
| **Filing Date/Time:** | 5/19/2023 6:17:57 PM |

### *Docket Details are as follows:*

| ClientID | Filed By | Sequence nbr | Docket Type Code | Docket Type | Fees |
|---|---|---|---|---|---|
| | 79800 | 1 | COMPL | Complaint | 191.75 |

ayment Type : Credit Card
There will be an additional 4% service charge on all Credit Card e-filings by the merchant card provider)
ivil/Family Division Amount :191.75
heriff's Amount :
otal Amount :191.75
eceipt NO :8683234

The Department of Court Records will not be assigning court dates to Arbitration matters as per Administrative Order AD-20-000095-PJ
which was filed on March 16, 2020. Once the court resumes normal operations and the stay is lifted the Attorney/Litigant will be required
to file a "Praecipe to Schedule an Arbitration Date" in order to receive a hearing date.

***contact civil@alleghenycounty.us within 10 days on any issues ***

*Thank you for using the DCR, Civil/Family Division Electronic Filing and Retrieval System.*

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Copyright © 2003-2023. All rights reserved.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| Plaintiff(s) | |
|---|---|
| TIMOTHY GRANT, individually and on behalf of all others similarly situated, | **Case Number :** ⬚ — ⬚ — ⬚ |
| | **Type of pleading :** Complaint |
| | **Code and Classification :** |
| | **Filed on behalf of** Plaintiff |
| | (Name of the filing party) |
| **Vs** | |
| Defendant(s) | ☑ Counsel of Record |
| LM GENERAL INSURANCE COMPANY, | ☐ Individual, If Pro Se |
| | **Name, Address and Telephone Number :** Richard Shenkan Shenkan Injury Lawyers, LLC. 6550 Lakeshore St. West Bloomfield, MI 48323 |
| | **Attorney's State ID :** 79800 |
| | **Attorney's Firm ID :** |

[cover]

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY GRANT, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | CLASS ACTION |
| vs. | : | |
| | : | No. |
| LM GENERAL INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## CLASS ACTION COMPLAINT

Representative Plaintiff Timothy Grant, individually and on behalf of all others similarly situated ("Plaintiff"), hereby files this Class Action Complaint against LM General Insurance Company ("Defendant" or "LM"), and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action on behalf of himself and similarly situated people who have had their underinsured motorist coverage ("UIM") claims denied because of the so-called "regular use exclusion."

2.      The "regular use exclusion" has been used by insurance companies such as Defendant to deny UIM coverage when an insured suffers injuries arising from the use of a motor vehicle that he/she regularly uses, does not own, and the motor vehicle is not insured for uninsured or UIM coverage under the policy.

3.      The Pennsylvania Superior Court has ruled that the regular use exclusion conflicts with the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), thus it is unenforceable.

1

4. Despite this, Defendant has in the past and continues to deny UIM claims in Pennsylvania based on the regular use exclusion, and refuses to reverse prior denials based on its regular use exclusion.

## PARTIES

5. Timothy Grant is an adult individual who resides at 1024 Duss Avenue, Ambridge, PA 15003.

6. LM General Insurance Company is an insurance company with its headquarters at 175 Berkeley St., Garlock 10B, Boston, MA 02117.

7. At all relevant times, LM was engaged in the practices of providing and/or underwriting motor vehicle liability policies in Pennsylvania, including UIM coverage.

## FACTS

8. Plaintiff was injured in an auto accident on August 10, 2021.

9. The accident was caused by an underinsured driver.

10. The limits of the underinsured driver's policy of insurance were insufficient to compensate Plaintiff for injuries he sustained as a result of the accident.

11. At the time of the accident, Plaintiff was driving a dump truck owned by his employer in the scope of his employment, which he used on a regular basis.

12. Plaintiff had a motor vehicle insurance policy with LM, Policy Number AOS28819826470, which was in effect at the time of the aforesaid accident (the "LM Policy"). The LM Policy includes UIM benefits.

13. The LM Policy states in part:

> UNDERINSURED MOTORISTS COVERAGE - PENNSYLVANIA (NON-STACKED)
> …
> INSURING AGREEMENT

2

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1. Sustained by an "insured"; and

    2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

...

B. "Insured" as used in this endorsement means:

    1. You or any "family member".

14.    Plaintiff made a claim for UIM benefits under the aforesaid LM Policy.

15.    LM denied coverage for Plaintiff's UIM claim on the basis of Exclusion A.2. of the LM insurance policy, which states:

> A. We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
>
>     ...
>
> 2. By an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.
>
> (hereafter "LM's Regular Use Exclusion")

16.    Absent LM's Regular Use Exclusion, Plaintiff would have been entitled to UIM benefits from LM pursuant to the LM Policy and 75 Pa.C.S. §1731(c).

17.    Prior to the time of LM's denial, the Pennsylvania Superior Court found that the general use exclusion conflicts with Section 1731(c) of the MVFRL It is, therefore, unenforceable. *Rush v. Erie Ins. Exchange*, 265 A.3d 794 (Pa. Super. Ct. 2021).[1]

---

[1] *Rush* is currently on appeal to the Supreme Court of Pennsylvania. *Rush* is valid precedential Pennsylvania common law. *In re Townsend's Estate*, 36 A.2d 438, 441 (Pa. 1944); *Jones v. Erie Insurance Exchange*, 282 A.3d 1139 (Pa. Super. Ct. 2022); *Johnson v. Progressive Advanced Insurance Company*, 587 F.Supp.3d 277 (2022).

18.     Defendant was aware of the *Rush* case at the time it wrongly denied Plaintiff's claim.

19.     Thereafter, on two (2) separate occasions, Plaintiff's attorneys requested a reconsideration of LM's decision to deny UIM coverage, on the basis that *Rush* is valid common law and, therefore, LM's regular use exclusion is unenforceable in Pennsylvania.

20.     Defendant, through its attorneys, denied both requests.

21.     Despite knowing of the existence of the *Rush* decision and that it is valid common law, LM has continued to use the general use exclusion to deny UIM benefits to its insureds, and has failed to revoke its previous denials of UIM benefit claims based on the regular use exclusion.

## CLASS ALLEGATIONS

22.   Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1), (2), and (3).

23.   Plaintiff proposes a Class defined as: All people who were insured under a LM General Insurance Company motor vehicle insurance policy in Pennsylvania and made a claim, during the Applicable Statute of Limitations, to LM General Insurance Company for bodily injury UIM benefits but their claims were denied by LM because of a UIM policy exclusion the same or substantively similar to the following:

> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

24.   Subject to amendment, the Applicable Statute of Limitations is as follows:

-   Breach of Contract Claim - October 22, 2017 through Class Certification; and

-   Bad Faith and Breach of Fiduciary Duty Claims - October 22, 2019 through Class Certification.

4

25.   Statute of limitations periods are computed from the time the cause of action accrued, which is when the plaintiff could have first maintained the action to a successful conclusion.[2]  At a minimum, Plaintiff and Class Members could have first maintained their action to a successful conclusion when the Superior Court decided *Rush* on October 22, 2021.

26.   Under Pennsylvania's discovery rule, a statute of limitations is tolled until the complaining party knows or reasonably should know that they have been injured and that his injury has been caused by another party's conduct.[3]  Again, Plaintiff and Class Members could not have known they had been injured (i.e., that LM's denial was a violation of Pennsylvania law), until the *Rush* decision.   Therefore, Plaintiff and Class Members' statutes of limitations began to run on October 22, 2021 or, potentially, earlier.

27.   Plaintiff reserves the right to amend this class definition, including adding classes and subclasses, and the class period, after discovery.

28.   The class is so numerous that joinder of all Class Members is impractical.

29.   The size of the class, and any trial, would be readily manageable.

30.   There are questions of law or fact common to the class that predominate. These include, though are not limited to, the following:

> (a) Whether LM rejected the class members' UIM benefits claims based on the regular use exclusion;
>
> (b) Whether this rejection was a breach of contract and/or constituted bad faith and/or was a breach of LM's fiduciary duty;

31.   Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class.

---

[2] *City of Philadelphia v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 121 (3d Cir. 1993).

[3] *Schmidt v. Skolas*, 770 F.3d 241, 251 (3d Cir. 2014).

5

32. Plaintiff and the Class Members have substantive claims that are similar, if not identical, in all material respects, and will require proof of the same kind and application of the same laws.

33. Plaintiff's claims are typical of those of the class. All are based on the same factual and/or legal theories. Plaintiff and Class Members all suffered damages as a result of LM's denial of their UIM claims.

34. Plaintiff will fairly and adequately represent and protect the interests of the class.

35. Plaintiff is represented by competent and experienced counsel.

36. Plaintiff has no conflict with class members in the maintenance of this action, and his respective claims are identical to or at least typical of claims of the Class Members.

37. Because most Class Members either do not know that their rights have been violated, and/or could not economically justify the effort and expense required to litigate their individual claims or have little interest in or ability to prosecute an individual action due to the complexity of the issues involved in this litigation, a class action is the most efficient proceeding.

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable. This class action represents the most fair and efficient method of adjudicating this controversy.

39. There are no unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions.

40. The questions of law and fact common to the class predominate over any questions affecting only individual members.

41. If each of the Class Members were forced to bring individual suits, such suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly

situated parties. A class action will serve the goals of judicial economy and ensure uniformity of decision.

## Count One
### Breach of Contract

42. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

43. Plaintiff's and Class Members' motor vehicle liability policies with LM are contracts.

44. Plaintiffs and Class Members made claims for UIM benefits under their motor vehicle insurance policies with LM.

45. Defendant denied Plaintiff's and the Class Members' claims for UIM benefits based on LM's Regular Use Exclusion, which the Pennsylvania Superior Court has held to be unenforceable.

46. Plaintiffs and Class Members were entitled to have their claims for UIM benefits granted, based on standardized insurance policies with LM.

47. By denying Plaintiff's and Class Members' claims, and refusing to reverse denials of their claims, LM breached its contracts with them, and breached its implied covenant of good faith and fair dealing, resulting in monetary damages.

## Count Two
### Statutory and Common Law Bad Faith

48. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

49. LM did not have a reasonable basis to deny Plaintiff's and Class Members' UIM claims based on a regular use exclusion because the Superior Court of Pennsylvania has held that such an exclusion is unenforceable in Pennsylvania.

50. LM knew of and recklessly disregarded its lack of a reasonable basis to deny these valid claims for Plaintiff and Class Members.

51. LM and its counsel knew of the *Rush* decision, and Plaintiff's counsel informed LM that *Rush* is the controlling Pennsylvania law.

52. Despite Plaintiff's efforts to implore LM to provide coverage, LM continued to deny Plaintiff's and Class Member's UIM claims based on LM's regular use exclusion, and failed to reverse its previous denials of UIM claims which it denied based on the unenforceable exclusion.

53. LM's systemic denial of these valid claims were made in bad faith, in an unreasonable effort to contest such valid claims with the intent to generate more profit.

54. A reasonable investigation would have determined that, on the basis of a change in the law, LM must provide coverage for these claims.

55. At all relevant times, LM's actions toward Plaintiff and Class Members constituted bad faith.

**Count Three**
**Breach of Fiduciary Duty**

56. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

A. Compensatory Damages

57. At all relevant times, LM, as their insurer, owed Plaintiff and the Class Members a fiduciary duty to act in good faith and due care and in their best interest.

58. Defendant's denial of Plaintiff's and Class Members' insurance claims based on LM's Regular Use Exclusion, when LM knew that the regular use exclusion was unenforceable in Pennsylvania, constitutes breach of LM's fiduciary duty to Plaintiff and Class Members, who have suffered compensatory damages as a result.

B. Punitive Damages

59. Defendant's calculated decision not to revoke its mass denials of Plaintiff's and Class Members' insurance claims, which it denied before *Rush,* resulted in a breach of LM's fiduciary

8

duty to Plaintiff and Class Members, maliciously subordinating the interests of its insureds in favor of its own.

60.  Defendant's motivation to deny these valid claims is based upon its incentive to increase profits, in known disregard to its fiduciary duty to its insureds.

61.  Defendant knew or had reason to know these denials were not made in good faith and created the likelihood of a high risk of harm to its insureds and deliberately acted in conscious disregard of that known risk.

62.  Defendant's conduct averred herein constitutes willful and wanton conduct, and/or shows a conscious disregard of the rights of Plaintiff and Class Members, that has a great probability of causing substantial harm, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff requests that this Honorable Court:

A.  Award compensatory damages for the injuries suffered by Plaintiff and Class Members for all Counts;
B.  Award punitive damages for Counts 2 and 3;[4]
C.  Award attorneys' fees, costs, punitive damages, interest from the date the UIM claim was made equal to the prime interest rate plus 3%, and payment of costs and expenses for Count 2; and,
D.  Any other relief that this Honorable Court deems just and proper.

Respectfully submitted,
SHENKAN INJURY LAWYERS, LLC.                    STRASSBURGER McKENNA GUTNICK
/s/ Richard Shenkan                             & GEFSKY
Richard Shenkan                                 David A. Strassburger
                                                Lydia A. Gorba
*Co-Counsel for Plaintiffs*

                                                *Co-Counsel for Plaintiffs*

---

[4] *See Trotman v. Mecchella*, 618 A.2d 982, 985 (Pa. Super. Ct. 1992) and *Anderson v. Nationwide Insurance Enterprise, et al.*, 187 F.Supp. 2d 447 (2002) ("Under Pennsylvania law, the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award.").



**SHENKAN**
**INJURY LAWYERS**

6550 Lakeshore St., West Bloomfield, MI 48323
**Return Service Requested**



CERTIFIED

7022 2410 0001 4212 8196



RDC 99

UNITED STATES
POSTAL SERVICE®

02109





U.S. POSTAGE PAID
FCM LETTER
WEST BLOOMFIELD, MI
48322
JUN 05, 23
AMOUNT
**$9.01**
R2305M148395-63

Corporation Service Company
84 State Street
Boston, MA 02109

Note : The "Case Number" Format is Type-Year-Number. Ex: AR-02-000123
*If New Filing, Please Leave the "Case Number" Blank.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

### COVER SHEET

| Plaintiff(s)                                                                 | CIVIL DIVISION |
|------------------------------------------------------------------------------|----------------|
| Timothy Grant, individually and on behalf of all others similarly situated | |

Case Number :

| GD | - | 23 | - | 006382 |

Type of pleading :

Entry of Appearance

Code and Classification :

Filed on behalf of

LM General Insurance Company

(Name of the filing party)

Vs

Defendant(s)

LM General Insurance Company

☐ Counsel of Record

☐ Individual, If Pro Se

Required Information:

Name: **Brooks R. Foland, Esquire**

Address: **100 Corporate Center Drive, Suite 201**

**Camp Hill, PA  17011**

Phone Number: 717-651-3714

Email Address: **brfoland@mdwcg.com**

Attorney's State ID :   70102

Attorney's Firm ID :

GD-23-006382

[cover]

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Brooks R. Foland, Esquire
PA I.D. No. 70102
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
Telephone:  (717) 651-3714
Email:  brfoland@mdwcg.com
*Attorneys for Defendant*

| | | |
|---|---|---|
| TIMOTHY GRANT, individually and on behalf of all others similarly situated, | : : | IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | Case ID No.  GD-23-006382 |
| v. | : | |
| | : | CIVIL ACTION – LAW |
| LM GENERAL INSURANCE COMPANY, | : : | |
| Defendant | : | |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

      Please enter the appearance of Brooks R. Foland, Esquire as counsel of record for **LM General Insurance Company** in the above-captioned matter.

                               **MARSHALL, DENNEHEY, WARNER,**
                                    **COLEMAN & GOGGIN**

Date: 06/16/2022                 BY:_____
                                Brooks R. Foland, Esquire
                                PA I.D. No. 70102
                                100 Corporate Center Drive, Suite 201
                                Camp Hill, PA  17011
                                Telephone:  (717) 651-3714
                                Facsimile:  (717) 651-3707
                                *Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Record Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: _____ Defendant _____

Signature: _____

Name: Brooks R. Foland, Esquire _____

Attorney No. (if applicable): _____ 70102 _____

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules of Civil Procedure, by ECF, email and/or depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Richard Shenkan, Esquire
Shenkan Injury  Lawyers, LLC.
6550 Lakeshore Street
West Bloomfield, MI  48323
Attorney for Plaintiffs

David A. Strassburger, Esquire
Lydia A. Gorba, Esquire
Strassburger McKenna Gutnick & Gefsky
Four Gateway Center
444 Liberty Avenue #2200
Pittsburgh, PA  15222
dstrassburger@smgglaw.com
lgorba@smgglaw.com
Attorney for Plaintiffs

**MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN**

Dated:  06/16/2023

Brooks R. Foland, Esquire