IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY GRANT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LM GENERAL INSURANCE COMPANY,<br><br>Defendant. | 2:23-CV-01153-CCW |

## OPINION

Defendant LM General Insurance Company moves to dismiss, transfer, or stay this putative class-action pursuant to the first-filed rule. Alternatively, it moves to dismiss the bad faith and breach of fiduciary duty claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, LM General's Motion will be **GRANTED**, and this case will be transferred forthwith to the Eastern District of Pennsylvania.

**I.      Background**

**A.      Current Western District of Pennsylvania Case**

Mr. Grant alleges that, on August 10, 2021, he was injured in an accident while driving a dump truck owned by his employer. ECF No. 1-1 ¶¶ 8, 11. He alleges that the other driver's insurance did not fully compensate him for the injuries he sustained, so he filed a claim for underinsured motorist benefits under his personal LM General Personal Automobile Policy. ECF No. 1-1 ¶¶ 10, 12–14.

Mr. Grant alleges that LM General denied him underinsured motorist benefits pursuant to the policy's "regular use exclusion." *Id.* ¶¶ 15–16. This exclusion precludes an individual from

receiving underinsured motorist benefits if he suffered injuries when using, occupying, or struck by a vehicle that he does not own but regularly uses. *Id.* ¶ 15.

Mr. Grant alleges that LM General improperly denied him underinsured motorist benefits in light of Pennsylvania Superior Court decisions that found these type of general use exclusions are unlawful under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). *Id.* ¶¶ 3, 17 (citing *Rush v. Erie Ins. Exchange*, 265 A.3d 794 (Pa. Super. 2021) and *Jones v. Erie Ins. Exchange*, 282 A.3d 1139 (Pa. Super. 2022)). He alleges that his attorneys asked LM General to reconsider its denial in light of *Rush* on two separate occasions but, each time, LM General denied the request. *Id.* ¶¶ 19–20.

On May 19, 2023, Mr. Grant filed a putative class action Complaint in the Court of Common Pleas of Allegheny County against LM General. *See generally id.* He asserted (1) a breach of contract (Count One); (2) statutory and common law bad faith (Count Two); and (3) a breach of fiduciary duty. *Id.* ¶¶ 42–62. He brought these claims on behalf of himself and a putative class defined as:

> All people who were insured under a LM General Insurance Company motor vehicle insurance policy in Pennsylvania and made a claim, during the Applicable Statute of Limitations, to LM General Insurance Company for bodily injury UIM benefits but their claims were denied by LM because of a UIM policy exclusion the same or substantively similar to the following:
>
> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by an "insured", as defined in this endorsement, while using, "occupying", or when struck by, any non-owned motor vehicle that is furnished or made available for your regular use, or the regular use of a "family member", which is not insured for Underinsured Motorists Coverage under this policy. This includes a trailer of any type used with that vehicle.

*Id.* ¶¶ 22–23. In addition, Mr. Grant requested compensatory damages, punitive damages, attorneys' fees, costs, expenses, and interest. *Id.* On June 22, 2023, LM General timely removed the action to this Court. ECF No. 1.

### B.      Previously Filed Eastern District of Pennsylvania Case

On September 9, 2022, seven months before Mr. Grant filed his Complaint, another plaintiff named Warren Baskerville filed a putative class action complaint in the Court of Common Pleas of Philadelphia County against LM General. ECF No. 6-1 at 8, 10. LM General subsequently removed that case to the Eastern District of Pennsylvania. *Id.* at 1.

In his complaint, Mr. Baskerville alleges that, on April 15, 2020, he suffered injuries while operating a SEPTA bus owned by his employer. *Id.* at 11. According to Mr. Baskerville, because the other drivers involved in the accident were not covered by any insurance, he filed a claim for underinsured motorist benefits under his LM General Personal Automobile Policy, which LM General denied pursuant to the regular use exclusion. *Id.* at 12–13. Mr. Bakersville alleges that after the Pennsylvania Superior Court issued *Rush*, his attorney asked LM General to reconsider its denial, but LM General declined to do so. *Id.* at 14–15.

Mr. Baskerville asserts claims for (1) declaratory relief (Count I) and (2) compensatory relief (Count II) on behalf of himself and a putative class defined as:

> [A] class of persons injured in motor vehicle accidents from 1990 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insureds under Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the MVFRL and where:  (a) the named insured had uninsured and underinsured motorist coverage;  (b) a claim was made for recovery of uninsured and/or underinsured motorist coverage under the policy; and, (c) the claim for recovery of uninsured or underinsured motorist coverage was denied by reason of the regular use exclusion.

*Id.* at 17.

In the current Western District of Pennsylvania case, LM has moved to dismiss, transfer or stay this case in light of the earlier-filed Baskerville case in the Eastern District of Pennsylvania. ECF No. 6. With briefing now complete, *see* ECF Nos. 8, 15, 16, 19, the Motion is ripe for adjudication.

## II. Legal Standard

Under the "first-filed rule," in the event of concurrent federal jurisdiction, "the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). Courts should give deference "to the suit that was filed first, when two lawsuits involving the same issues and parties are pending in separate federal district courts." *Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 502 F. App'x 201, 205 (3d Cir. 2012).

Because the rule is "grounded on equitable principles," the district court has discretion in deciding whether to invoke the first-filed rule. *EEOC*, 850 F.2d at 977. "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* Therefore, a district court must consider "what is right and equitable under the circumstances and the law," *id.* (quoting *Langnes v. Green*, 282 U.S. 531, 541 (1931)), and fashion a remedy with "the flexibility necessary to fit the decision to the individualized circumstances," *id.* (quoting *United States v. Criden*, 648 F.2d 814, 818 (3d Cir. 1981)).

In the Third Circuit, courts may consider several factors to determine whether to invoke the first-filed rule. The first and most important consideration is the similarity of the subject matter between the two cases. *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011). Next, the court examines the identity of the parties. *D & L Distrib., LLC v. Agxplore Int'l, LLC*, 959 F. Supp. 2d 757, 767–69 (E.D. Pa. 2013). Given the flexibility of the first-filed rule, courts have also weighed other factors including whether "the second-filed action [has] developed further than the initial suit" or whether forum shopping or bad faith exists on the part of the second filer. *EEOC*, 850 F.2d at 976–77 (collecting cases).

As a remedy, a second-filed court that invokes the first-filed rule "has the discretion to decide whether to stay, transfer, or dismiss the case before it." *Chavez v. Dole Food Co.*, 836 F.3d 205, 210 (3d Cir. 2016). Although a court may dismiss without prejudice such an action, "in most circumstances, a stay or transfer of a second-filed action will be more appropriate." *Id.* at 217.

### III.  Discussion

In the case before this Court, Mr. Grant seeks relief on behalf of himself and a putative class against LM General for denying him underinsured motorist benefits pursuant to the regular use exclusion. In the first-filed case pending before the Eastern District of Pennsylvania, Mr. Baskerville seeks the same. Because of the substantial overlap between the two cases, LM General asks that this case be dismissed, transferred, or stayed under the first-filed rule. The Court finds that transferring this case to the United States District Court for the Eastern District of Pennsylvania is appropriate here.

When comparing two lawsuits, "the most important consideration in a first-filed rule analysis is overlapping subject matter." *Catanese*, 774 F. Supp. 2d at 687. "[T]wo suits which [seek] like forms of relief and which hinge[] on the outcome of the same legal/factual issues [are] identical for the purposes of the rule." *Specialty Ins. Agency, Inc. v. Walter Kaye Assocs., Inc.*, No. CIV. 89-1708 (CSF), 1989 WL 65618, at *3 (D.N.J. June 7, 1989); *Grodko v. Teva Pharm. Indus. Ltd.*, No. CV 17-3743, 2018 WL 10847659, at *4 (E.D. Pa. Apr. 10, 2018) (invoking the first-filed rule when the lawsuits encompass the same "class members, defendants, and allegations").

Because it hinges on the same legal and factual issues, Mr. Grant's case has substantial overlap with Mr. Baskerville's case. Although Mr. Grant notes slight differences between the two cases (for example, he has raised a bad faith claim), the underlying subject matter in the two cases

is the same. Both plaintiffs were denied underinsured motorist benefits for the same reason, both raise identical legal theories about the applicability of the regular use exclusion, both sued the same defendant, and both raise claims on behalf of similar putative classes. Therefore, the substantial overlap in the subject matter between the two lawsuits favors invoking the first-filed rule.

The next consideration when evaluating whether the first-filed rule applies is the identity of the parties to the two lawsuits. *Specialty Ins. Agency, Inc.*, 1989 WL 65618, at *4; *see also D & L Distrib., LLC*, 959 F. Supp. 2d at 767 (noting that the "applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align"). For class actions, "the classes, and not the class representatives, are compared." *Catanese*, 774 F. Supp. 2d at 688. Invoking the first-filed rule is appropriate when overlapping classes exist because declining to do so "would cause substantial duplication of effort, and worse, potentially inconsistent rulings," which would frustrate the primary purpose of the rule. *Id.* (citing *EEOC*, 850 F.2d at 977). The classes need not be perfectly identical, but rather, "substantial similarity is sufficient to trigger the first-filed rule." *Panitch v. Quaker Oats Co.*, No. CV 16-4586, 2017 WL 1333285, at *4 (E.D. Pa. Apr. 5, 2017) (quoting *Palagano v. NVIDIA Corp.*, No. CV 15-1248, 2015 WL 5025469, at *4 (E.D. Pa. Aug. 25, 2015)).

In this case, the proposed class in Mr. Baskerville's case would include all members of the proposed class in Mr. Grant's case, such that the identity of the parties favors invoking the first-filed rule. Mr. Baskerville seeks certification of a class that was denied underinsured motorist benefits pursuant to the regular use exclusion from 1990 to the present. Mr. Grant seeks the same but for only "the Applicable Statute of Limitations" period, which he defines as beginning on October 22, 2017 for his breach of contract claim and beginning on October 22, 2019 for his bad

faith and breach of fiduciary duty claims.  Therefore, Mr. Baskerville's putative class entirely encompasses Mr. Grant's putative class.  *See, e.g.*, *Grodko*, 2018 WL 10847659, at *4–5 (applying the first-filed rule when the first action's putative class encompasses the second action's putative class).  In addition, the defendant, LM General, is the same in both cases.  *See Abushalieh v. Am. Eagle Exp.*, 716 F. Supp. 2d 361, 366 (D.N.J. 2010) (the first-filed rule applies when two actions "purport to represent the same group of injured parties against the same defendant").  Because the identity of the putative classes is very similar and the defendant in both cases is the same, this factor weighs in favor of applying the first-filed rule.[1]  Given the substantial overlap in the subject matter and similarity of the parties, the Court finds that the first-filed rule applies.

Given the Third Circuit's directive that "a stay or transfer of a second-filed action will be more appropriate than a dismissal," the Court will not dismiss Mr. Grant's case.  *Chavez*, 836 F.3d at 217.  Rather, the Court will defer to "the court which first has possession," and transfer this action to the Eastern District of Pennsylvania.  *EEOC*, 850 F.2d at 971;  *see also* 28 U.S.C. § 1404(a) (allowing a district court to transfer any civil action to any other district "[f]or the convenience of parties and witnesses, in the interest of justice").

IV.     Conclusion

For the foregoing reasons, LM General's Motion to Dismiss, Transfer, or Stay is hereby **GRANTED** to the extent that it seeks transfer of the action pursuant to the first-filed rule.  This matter is **HEREBY TRANSFERRED** *forthwith* to the United States District Court for the Eastern

---

[1] Courts have also considered other circumstances, such as the stage of the proceedings, inequitable conduct, and whether bad faith or forum shopping exists.  *See Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013). Given that Mr. Grant's and Mr. Baskerville's cases are both at the pleadings stage without a decision on the merits and the parties have not engaged in any suspect conduct, the Court does not find that any of these circumstances render the first-filed rule inapplicable.

District of Pennsylvania for all further proceedings. Upon transfer, the Clerk of Court shall mark this case as closed.

DATED this 9th day of August, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record